CV14-5164

GLEESON, J.

BLOOM, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AMEER ADRIAN ALI

       Plaintiff,   **COMPLAINT**

 -against-       **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
ROBERT O'NEIL, &
JOHN DOE 1 AND JOHN DOE 2

       Defendants.
---------------------------------------------------------------x

  Plaintiff, AMEER A ALI, by and through his attorneys, **THE LAW OFFICE OF JUDY MOSES, ESQ.**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all

1

Case 1:14-cv-05164-JG-LB   Document 1   Filed 09/03/14   Page 2 of 9 PageID #: 2

parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

6. Plaintiff AMEER ADRIAN ALI is 24 years old and at all times hereinafter mentioned, since February 2014, was and still is a permanent resident of the United States residing in the State of New York and the County of Queens.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants O'NEIL and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants O'NEIL and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their

duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants O'NEIL and DOE are sued individually.

## STATEMENT OF FACTS

10. On Wednesday June 11, 2013 about 6:40 pm, defendants O'NEIL arrested plaintiff AMEER ADRIAN ALI as plaintiff was walking home from work of 165 Street and Jamaica Avenue, County of Queens, State of New York, and charged plaintiff with criminal possession of a weapon in the fourth degree - NY Penal Law § 265.01(1) and possession of knives or instruments - NY Administrative Code § 10-133-C (V). It was alleged by defendant O'NEIL that he observed plaintiff with a knife clip hanging from his pants pocket. Defendant further alleged that he recovered a gravity knife from the plaintiff's pants pocket. Plaintiff explained to defendant that it was not a gravity knife but a working tool, a sheetrock knife that he placed there while he was working.

11. Indeed Plaintiff was and still is a sheetrock worker. Plaintiff explained to Defendant that it was a typical working took used for sheetrock. However, the police ignored this information and continued with the unlawful arrest.

12. More troubling is that fact that the sheetrock knife is merely 6 inches long altogether including the blade and was closed and stored in his pocket..No license is required to acquire or own a sheetrock knife. In other words, the knife was available in

any hardware or shipping supply store for as low as five ($5.00) dollars for its many ordinary uses at different worksites. The police had no ground to stop and search him.

13. Plaintiff was booked and sent for arraignment before the judge the following day on Thursday, and subsequently returned to court on Monday. Plaintiff was in custody for seven days, six of which was spent at the Vernon C. Baines facilities in the Bronx. Plaintiff was locked up till June 17, following Tuesday.

14. On Monday June 17, 2013, the judge dismissed the case against Plaintiff. The case indeed was adjourned in contemplation of dismissal (NY CPL § 170.55). He was told that even when the case is dismissed he had to spend forty-eight more hours in jail. Plaintiff spent six (6) days total in jail for a case that was dismissed, for a matter he did nothing wrong.

15. As a result of this unlawful arrest and detention, plaintiff missed seven days of work and income and suffered great humiliation, fear and mental distress.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983)

16. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17. By their conduct and actions in arresting, imprisoning, and failing to intercede on behalf of AMEER ADRIAN ALI and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendant's O'NEIL and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a

reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By the actions described above, defendants O'NEIL and DOE falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

22. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants O'NEIL and DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants O'NEIL and DOE had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligence)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. Defendants O'NEIL and DOE negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN FIFTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants O'NEIL and DOE. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Intentional infliction of emotional distress)

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. Defendants O'NEIL and DOE intentionally caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate.

Dated: Jamaica, New York
       August 15, 2014

Respectfully submitted,

**JUDY MOSES, ESQ.**
Counsel for the Plaintiff

By: Judy Moses (JM 7276)
111-19 120 Street, Central
S. Ozone Park, NY 11420
(718) 848-2223

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AMEER A. ALI,

                Plaintiff,                      **VERIFICATION**

    -against-

THE CITY OF NEW YORK,
ROBER O'NEIL, AND
JOHN DOE,

                Defendants.
---------------------------------------------------------------x

        AMEER A. ALI, being duly sworn, deposes and says:

        That deponent is the plaintiff in the within action.

        That your deponent has read the foregoing Complaint and knows the contents thereof.

        That the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes it to be true.

        That the grounds of deponent's belief as to all matters not stated upon deponent's own knowledge is information and documentation contained in the books and records of the Corporation

Sworn to before me this
14th   day of August, 2014

JUDY MOSES
Notary Public, State of New York
No. 02MO6055374
Qualified in Suffolk County
Commission Expires Feb. 26, 2015

                                                      AMEER A. ALI